# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID ABRAHAMS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 3:10cv519 (MRK) |
| | : | |
| COMMISSIONER OF CORRECTIONS, | : | |
| | : | |
| Respondent. | : | |

## RULING AND ORDER

On April 1, 2010, *pro se* Petitioner David Abrahams filed his Petition for a Writ of Habeas Corpus [doc. # 1] pursuant to 28 U.S.C. § 2254. Mr. Abrahams is currently imprisoned in Connecticut for attempted murder, first degree assault, criminal possession of a firearm, and violation of probation. Mr. Abrahams' Petition asserts four grounds for habeas relief: (1) a claim of ineffective assistance by his trial counsel, in violation of the Sixth Amendment to the United States Constitution; (2) a claim of ineffective assistance by his appellate counsel, also in violation of the Sixth Amendment; (3) a claim of prosecutorial misconduct, in violation of the Due Process Clause of the Fourteenth Amendment; and (4) a Fifth Amendment Double Jeopardy Clause claim.

Pending before the Court is Respondent Commissioner of Corrections' Motion to Dismiss [doc. # 7] Mr. Abrahams' Petition. In support of the motion, Respondent argues that Mr. Abrahams has not properly exhausted his claims of ineffective assistance by trial counsel, ineffective assistance by appellate counsel, and prosecutorial misconduct. Respondent further argues that Mr. Abrahams has procedurally defaulted his prosecutorial misconduct claim. For the reasons set forth below, the Court GRANTS Respondent's Motion to Dismiss [doc. # 7] and dismisses Mr. Abrahams' Petition

without prejudice to refiling after he has exhausted his available state court remedies.

## I.

The facts of this case are straightforward and for the most part undisputed. Approximately nine years ago, Mr. Abrahams was convicted of shooting his former girlfriend and the mother of his child, Jacqueline Peton, as she was returning to her apartment late at night after a date with another man. Ms. Peton survived the shooting. Mr. Abrahams has long maintained that Ms. Peton falsely identified him as the shooter in retaliation for his having reported to the Connecticut Department of Children and Families that Ms. Peton was physically abusive toward her children. But his claims before this Court relate solely to alleged procedural defects in his trial and appeal.

On October 26, 2001, a Connecticut Superior Court jury convicted Mr. Abrahams of attempted murder, in violation of Connecticut General Statutes §§ 53a-54a and 53a-49; assault in the first degree, in violation of § 53a-59; and criminal possession of a firearm, in violation of § 53a-217. The jury found that Connecticut's sentencing enhancement for commission of a felony with a firearm applied to Mr. Abrahams' conduct, *see* Conn. Gen. Stat. § 53-202k, and during a concurrent proceeding, the Superior Court found that Mr. Abrahams had violated the conditions of his probation. *See id.* § 53a-32. The Superior Court sentenced Mr. Abrahams to a total effective term of fifty-one years imprisonment; Mr. Abrahams is currently serving that term at the MacDougall-Walker Correctional Center in Suffield, Connecticut.

Mr. Abrahams appealed his conviction to the Connecticut Appellate Court. *See State v. Abrahams*, 79 Conn. App. 767 (2003) ("*Abrahams I*"). Mr. Abrahams' only argument on direct appeal was that his constitutional rights to due process and to a fair trial were violated as a result of

2

prosecutorial misconduct.[1]  *See id.* at 769.  On October 7, 2003, the Appellate Court affirmed Mr. Abrahams' conviction.  *See id.*  The Appellate Court concluded that the prosecutor had improperly made comments about facts in his personal knowledge that were not in evidence, *see id.* at 777, and had improperly questioned Mr. Abrahams in order to elicit comments about the credibility of a witness.  *See id.* at 780.  However, the Appellate Court ultimately determined that the prosecutor's improper conduct had not rendered Mr. Abrahams' trial so fundamentally unfair as to render his conviction invalid.  *See id.*  Mr. Abrahams immediately filed a motion for reconsideration and a motion for reconsideration en banc in the Appellate Court.

Mr. Abrahams failed to file a timely petition for certification in the Connecticut Supreme Court.  However, on November 3, 2003, Mr. Abrahams filed a motion for permission to file a late petition for certification.  The Connecticut Supreme Court granted his motion on December 2, 2003.  In its order granting the motion, the Connecticut Supreme Court gave Mr. Abrahams leave to file a petition for certification no later than twenty days after the Appellate Court's issuance of notice regarding his two motions for reconsideration.  On January 14, 2004, the Appellate Court issued a notice denying Mr. Abrahams' two motions for reconsideration.  Mr. Abrahams did not file a petition for certification within two weeks of the Appellate Court's decision.  Instead, he waited more than four years and filed a second motion for permission to file a late petition for certification on May 15, 2008.  The Connecticut Supreme Court denied the second motion on June 3, 2008.

Mr. Abrahams filed his first state habeas petition on April 4, 2002, while his direct appeal was still pending.  *See Abrahams v. Comm'r of Corr.*, No. CV02-464618, 2005 WL 758152 (Conn.

---

[1] Before the Appellate Court, Mr. Abrahams relied extensively on Connecticut cases in support of his due process and fair trial argument.  He cited only one federal case in support of that argument.  *See Estelle v. Williams*, 425 U.S. 501 (1976).

3

Super. Ct. Feb. 28, 2005) ("*Abrahams II*"). Mr. Abrahams was represented by counsel in his first state habeas action. His only claim for relief was a claim of ineffective assistance by his trial counsel, in violation of the Sixth Amendment. *See id.* at *1. Mr. Abrahams raised numerous examples of allegedly deficient performance by his trial counsel that occurred during the period between his arrest and his trial, during his trial, and during sentencing. *See id.* at *2-*10. On February 28, 2005, the Superior Court rejected all of Mr. Abrahams' arguments and denied his first petition. *See id.* at 12. Mr. Abrahams filed a timely appeal from the Superior Court's decision, but he later withdrew his appeal before the Appellate Court reached a decision.

Mr. Abrahams filed a second state habeas petition on September 30, 2004, while his first state habeas petition was still pending before the Superior Court. *See Abrams v. Warden*,[2] No. TSRCV044999112S, 2008 WL 1823047 (Conn. Super. Ct. Apr. 8, 2008) ("*Abrams I*"). Mr. Abrahams initially proceeded *pro se* in the second action, but the Superior Court eventually appointed counsel for him. *See id.* at *1. Mr. Abrahams' only claims for habeas relief in the second action were claims of ineffective assistance by his appellate counsel, in violation of the Sixth Amendment, and ineffective assistance by his first habeas counsel, in violation of Connecticut law. *See id.* at *1, *3, *5; *see also Lozada v. Warden*, 223 Conn. 834, 838-39 (1992) (discussing the standard for ineffective assistance of habeas counsel claims under Connecticut law). Although Mr. Abrahams alleged deficient performance by his appellate counsel, he failed to provide the Superior Court with a copy of the brief that his appellate counsel filed on his behalf. *See Abrams I*, 2008 WL 1823047, at *5. In December 31, 2007 – only a few days before a scheduled evidentiary hearing –

---

[2] Petitioner's last name appears alternatively as "Abrahams" and "Abrams" in the various documents submitted to the Court. The Court refers to Petitioner as Mr. Abrahams throughout this Ruling and Order because that is how he identifies himself in the Petition.

4

Mr. Abrahams filed a motion to amend his petition to assert a claim of ineffective assistance by his trial counsel. On January 2, 2008, the Superior Court denied the motion to amend on the ground that Mr. Abrahams had already asserted a claim of ineffective assistance by his trial counsel in his first habeas action. On April 8, 2008, the Superior Court held that Mr. Abrahams failed to introduce any evidence of failings by his appellate counsel; failed to show that his first habeas counsel's assistance fell below an objective standard of reasonableness; and failed to prove that he was prejudiced by his first habeas counsel's performance. *See id.* at *5-*6. The Superior Court denied his second petition. *See id.* at *6.

  Mr. Abrahams moved the Superior Court to certify an appeal to the Appellate Division from its order denying his second habeas petition. On May 8, 2008, the Superior Court denied Mr. Abrahams' motion for certification to appeal its decision. Mr. Abrahams nevertheless filed an appeal in the Appellate Court. *See Abrams v. Comm'r of Corr.*, 119 Conn. App. 414 (2010) ("*Abrams II*"). Mr. Abrahams did not challenge the Superior Court's decision on the merits of his claims of ineffective assistance by his appellate counsel and his first habeas counsel. Instead, his only argument was that the Superior Court abused its discretion by denying his motion for certification to appeal. *See id.* at 417. He raised two arguments in support of that assertion. First, he argued that the Superior Court improperly failed to inquire into an alleged conflict of interest between Mr. Abrahams and his second habeas counsel, who had been appointed by the Superior Court. *See id.* Second, he argued that the Superior Court improperly refused to permit him to amend his second habeas petition to include a claim of ineffective assistance by his trial counsel. *See id.* at 420. The Appellate Court rejected both arguments and dismissed his appeal. *See id.* at 422. Mr. Abrahams filed a petition for certification in the Connecticut Supreme Court, and on March 30, 2010, the

5

Connecticut Supreme Court denied his petition for certification to appeal. *See Abrams v. Comm'r of Corr.*, 295 Conn. 920 (2010) ("*Abrams III*").

Mr. Abrahams filed a third state habeas petition on March 20, 2008, while his second state habeas petition was still pending before the Superior Court. *See Abrams v. Warden*, No. CV08-4002319-S (Conn. Super. Ct. filed Mar. 20, 2008) ("*Abrams IV*"). Because neither party has provided this Court with any of the filings from the third state habeas action, the Court has no way of knowing what claims Mr. Abrahams asserted in his third state habeas petition. The Superior Court dismissed Mr. Abrahams' third state habeas petition on April 2, 2008. Mr. Abrahams did not attempt to pursue an appeal from that decision.

Mr. Abrahams filed two post-sentencing motions to correct his sentence in his underlying criminal case. Mr. Abrahams filed the first motion to correct in March 2006. In support of the first motion to correct, Mr. Abrahams argued, among other things, that the Superior Court's imposition of consecutive sentences for attempted murder and assault in the first degree based on the same conduct violated the Double Jeopardy Clause of the Fifth Amendment, and that the Superior Court lacked jurisdiction to adjudicate the violation of probation charge. Mr. Abrahams filed the second motion to correct in September 2008. The only argument Mr. Abrahams raised in support of the second motion to correct was his double jeopardy argument. The Superior Court denied both motions to correct on the merits. Mr. Abrahams appealed the Superior Court's orders denying the two motions to correct to the Appellate Court. The Appellate Court affirmed on October 20, 2009. *See State v. Abrahams*, 117 Conn. App. 901 (2009) ("*Abrahams III*"). Mr. Abrahams filed a petition for certification in the Connecticut Supreme Court. The Connecticut Supreme Court denied his petition on January 14, 2010. *See State v. Abrahams*, 294 Conn. 927 (2010) ("*Abrahams IV*").

6

Finally, Mr. Abrahams filed a fourth state habeas petition on December 11, 2009, while his appeal from the Superior Court's order denying his second state habeas petition and his appeal from the Superior Court's order denying his two motions to correct were still pending in the Appellate Court. *See Abrams v. Warden*, No. CV10-4003316-S (Conn. Super. Ct. filed Dec. 11, 2009) ("*Abrams V*"). In his fourth state habeas action – which is still pending, and in which Mr. Abrahams is proceeding *pro se* – Mr. Abrahams raises claims of ineffective assistance by his trial counsel, by his appellate counsel, and by his habeas counsel. It is unclear from the record presented to this Court whether Mr. Abrahams' claim of ineffective assistance by habeas counsel in that action is targeted at his first habeas counsel, at his second habeas counsel, or at both.

On April 1, 2010, Mr. Abrahams filed his Petition in this Court. On April 8, 2010, the Court issued to Respondent an Order to Show Cause [doc. # 2] why the Court should not grant the relief sought by Mr. Abrahams. Respondent filed the pending Motion to Dismiss [doc. # 7] on August 20, 2010. Mr. Abrahams filed his Memorandum in Opposition [doc. # 9] on September 10, 2010.

Mr. Abrahams' Petition asserts four claims for habeas relief: an ineffective assistance of trial counsel claim, an ineffective assistance of appellate counsel claim, a prosecutorial misconduct claim, and a double jeopardy claim. According to Respondent, Mr. Abrahams has failed to exhaust his two ineffective assistance claims and his prosecutorial misconduct claim.[3] Respondents urge the Court to dismiss Mr. Abrahams' petition without prejudice because it is a "mixed" petition containing some claims that have been exhausted in the state courts, and others that have not. *See Rhines v. Weber*, 544 U.S. 269, 271-72 (2005).

---

[3] For reasons that are explained in more detail later in this Ruling and Order, the Court does not reach Respondent's additional argument the Mr. Abrahams has procedurally defaulted his prosecutorial misconduct claim.

7

## II.

A state prisoner seeking federal habeas review under 28 U.S.C. § 2254 must exhaust all available state remedies prior to filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005), *cert. denied*, 544 U.S. 1025 (2005). To exhaust state remedies, a prisoner must present the factual and legal premises of his federal claims to the highest state court capable of reviewing them. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003). However, the Supreme Court has warned against interpreting the exhaustion requirement too narrowly. A state prisoner must only "give state courts a *fair* opportunity to act on [his or her] claims," *O'Sullivan*, 526 U.S. at 844, and that requirement is satisfied if the "claim[s] presented to the state court . . . [were] the 'substantial equivalent' of the claim[s] raised in the federal habeas petition." *Jones v. Keane*, 329 F.3d 290, 295 (2d Cir. 2003) (citations omitted).

Before Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2241 *et seq.*, this Court had an obligation to dismiss "mixed" habeas petitions containing both exhausted and unexhausted federal claims, leaving habeas petitioners with two choices: either return to state court to exhaust their federal claims, or amend and resubmit petitions presenting only the exhausted claims. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, the enactment of AEDPA's one-year limitations period for filing a habeas petition, *see* 28 U.S.C. § 2244(d)(1), created a risk that petitioners who came to federal court with "mixed" petitions might run the risk of forever losing their opportunity for *any* federal review of their unexhausted claims. *See Rhines*, 544 U.S. at 27; *see also Zarvela v. Artuz*, 254 F.3d 374, 280 (2d Cir. 2001) ("[W]e think that the enactment of AEDPA warrants some adjustment in the pre-AEDPA

requirement . . . that mixed petitions be dismissed in their entirety."). Under *Rhines*, this Court may order stay and abeyance of a habeas petition, rather than outright dismissal of the petition, if it finds that there was good cause for the petitioner's failure to exhaust his or her claims in state court. *See id.* at 277. However, a stay is inappropriate if the petitioner engaged in abusive litigation tactics or intentional delay. *See id.* at 278. Dismissal is likely inappropriate if the petitioner had good cause for his or failure to exhaust, did not engage in intentionally dilatory litigation tactics, and brings potentially meritorious claims. *See id.*

AEDPA also requires federal courts to dismiss any claim presented in a "second or subsequent habeas corpus application" if it was presented in a prior habeas corpus application. 28 U.S.C. § 2244(b)(1). Dismissal of a "mixed" petition without prejudice for failure to exhaust does not amount to an adjudication on the merits that renders a subsequent petition second or successive within the meaning of AEDPA. *See Turner v. Artuz*, 262 F.3d 118, 122 (2d Cir. 2001) (per curiam). However, "[d]ismissal for procedural forfeiture differs crucially from the dismissal of a mixed petition so that the petitioner can comply with the total exhaustion rule." *Id.* A district court's determination that even *some* of the claims in a "mixed" petition have been procedurally defaulted qualifies as an adjudication on the merits. *Id.* (citing *Carter v. United States*, 150 F.3d 202, 205-05 (2d Cir. 1998) (per curiam)). Therefore, such a determination bars the petitioner from asserting any of the claims there were asserted in his initial federal habeas application in any subsequent habeas application. *See id.* Such a determination may also bar the petitioner from asserting additional claims that were not raised in the initial federal habeas application. *See* 28 U.S.C. § 2244(b)(2).

## III.

As discussed above, Mr. Abrahams asserts four claims for habeas relief: a claim of

9

ineffective assistance by his trial counsel, a claim of ineffective assistance by his appellate counsel, a claim of prosecutorial misconduct, and a double jeopardy claim. Respondent concedes that Mr. Abrahams has exhausted available state court remedies on his double jeopardy claim. However, according to Respondent, Mr. Abrahams has not exhausted available state court remedies on his ineffective assistance of trial counsel claim, his ineffective assistance of appellate counsel claim, or his prosecutorial misconduct claim. The Court agrees with regard to each of those three claims.

Mr. Abrahams has not properly exhausted his claim of ineffective assistance by his trial counsel. Mr. Abrahams assented an ineffective assistance of trial counsel claim for the first time in his first state habeas petition. *See Abrahams II*, 2005 WL 758152, at *1. The Superior Court rejected his ineffective assistance of trial counsel claim on the merits. *See id.* at *11 ("The petitioner's claims are based on speculation and in some instances sheer fantasy. Accepting all of the factual premises advanced, he has not demonstrated how the outcome of the trial would be changed in his favor."). But Mr. Abrahams did not attempt to present his ineffective assistance of trial counsel claim to the Connecticut Supreme Court. *See Cotto*, 331 F.3d at 237. Indeed, because he withdrew his appeal, he never even presented it to the Appellate Court for intermediate review.

Mr. Abrahams has also not properly exhausted his claim of ineffective assistance by his appellate counsel. Mr. Abrahams asserted an ineffective assistance of appellate counsel claim for the first time in his second state habeas petition. *See Abrams I*, 2008 WL 1823047, at *5 ("The petitioner also makes claims of deficient performance against . . . appellate counsel, yet he has neglected to introduce the appellate brief."). The Superior Court rejected his ineffective assistance of appellate counsel claim on the merits. *See id.* (reasoning that Mr. Abrahams' testimony alone was "in no way sufficient to overcome the strong presumption that counsels' conduct was within the wide

range of [acceptable] professional assistance"). Mr. Abrahams appealed from the order of the Superior Court in the second state habeas action denying him permission to amend his second state habeas petition to assert an ineffective assistance of trial counsel claim, *see Abrams II*, 119 Conn. App. at 414, but he never filed an appeal from the Superior Court's decision on the merits. Likewise, his petition in the Connecticut Supreme Court sought review of the decision to deny him permission to amend his second habeas petition, *see Abrams III*, 295 Conn. at 920, not of the decision on the merits. Thus, neither the Appellate Court nor the Connecticut Supreme Court has had an opportunity to pass on the merits of Mr. Abrahams' claim of ineffective assistance by his appellate counsel. *See Cotto*, 331 F.3d at 237 (holding that a petitioner must present the factual and legal premises of a federal claim to the highest court capable of reviewing them in order to exhaust state remedies).

Finally, Mr. Abrahams has not properly exhausted his claim of prosecutorial misconduct. Mr. Abrahams asserted a prosecutorial misconduct claim for the first time during his direct appeal. *See Abrahams I*, 79 Conn. App. at 769. The Appellate Court rejected Mr. Abrahams' prosecutorial misconduct claim on the merits. *See id.* at 780. But the Connecticut Supreme Court has never had an opportunity to review the merits of that claim. *See O'Sullivan*, 526 U.S. 838, 845 (holding that a prisoner must "give the state courts one *full* opportunity to resolve any constitutional issues by invoking one *complete* round of the State's established appellate review process" (emphasis added)). The Supreme Court extended the deadline for Mr. Abrahams to file a petition for certification, but Mr. Abrahams ignored that deadline for four years. The Supreme Court denied Mr. Abrahams' four-year-late second motion for an extension of time to petition for certification.

Respondent suggests that Mr. Abrahams may yet be able to exhaust his two ineffective

11

assistance claims in the context of the still-pending fourth state habeas action. In his fourth state habeas action, Mr. Abrahams asserts ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims, as well as an ineffective assistance of habeas counsel claim. As Respondent correctly points out, under Connecticut law, there is a statutory right to counsel in habeas proceedings arising from criminal convictions. *See* Conn. Gen. Stat. § 51-296(a). And in Connecticut, the writ of habeas corpus is an available remedy for ineffective assistance of habeas counsel claims. *See Lozada*, 223 Conn. at 843. The Court accepts Respondent's suggestion that as a matter of Connecticut law, Mr. Abrahams may yet be able to revive his claims of ineffective assistance by trial counsel and appellate counsel if he is able to prevail on an ineffective assistance of habeas counsel claim, and that he may be able to fully exhaust those claims by appealing the Superior Court's decision regarding his fourth state habeas petition to the Appellate Court and then seeking review of the Appellate Court's decision in the Connecticut Supreme Court.

Because the Court concludes that Mr. Abrahams' Petition is indeed a "mixed" petition containing both exhausted and unexhausted claims, the Court must decide whether it is appropriate to dismiss the Petition without prejudice, or to instead stay consideration of the Petition. *See Rhines*, 544 U.S. at 277. According to Respondent, dismissal is appropriate in this case because AEDPA's one-year statute of limitations has not yet started to run. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The Court accepts Respondent's concession that Mr. Abrahams' multiple, overlapping state habeas petitions were properly filed applications, and that as a result, no part of AEDPA's one-year statute of limitations has run during the nine-year period since his

12

conviction. Thus, the Court believes that the concerns that motivated the *Rhimes* Court's decision are not implicated here and that dismissal of Mr. Abrahams' Petition without prejudice is appropriate.

**IV.**

Because the Court dismisses Mr. Abrahams' Petition without prejudice as a "mixed" petition containing both exhausted and unexhausted claims for habeas relief, the Court need not reach any of Respondent's other arguments. Specifically, the Court declines to reach Respondent's argument that Mr. Abrahams has procedurally defaulted his prosecutorial misconduct claim. If the Court were to reach that argument, the Court's decision could render any future federal habeas application filed by Mr. Abrahams a second or subsequent habeas application. *See Turner*, 262 F.3d at 122. It was Respondent who initially urged the Court to dismiss Mr. Abrahams' Petition without prejudice and to allow him to continue to pursue his fourth state habeas action. As such, the Court believes it would be inappropriate to resolve this case in a way that could put at risk Mr. Abrahams' future ability to seek *any* habeas relief in federal court.

The Could also declines to reach the merits of Mr. Abrahams' fully exhausted double jeopardy claim. Despite the fact that Respondent initially urged the Court to dismiss Mr. Abrahams' Petition without prejudice and to allow him to continue to pursue his fourth state habeas action, Respondent also asserted that Mr. Abrahams' double jeopardy claim was meritless. Thus, on October 14, 2010 – after Respondent's Motion to Dismiss had already been fully briefed – the Court ordered the parties to file simultaneous briefs discussing the merits of the double jeopardy claim. *See* Order [doc. # 10]. Both parties filed briefs in response to the Court's Order.

Because Mr. Abrahams objected to the Motion to Dismiss and also filed a timely brief

discussing the merits of his double jeopardy claim, the Court understands that it is Mr. Abrahams' preference to have the Court reach the merits of his double jeopardy claim now, rather than waiting for the Superior Court to reach a decision regarding his fourth state habeas petition. And indeed, while the Court *could* reach the merits of Mr. Abrahams' petition at this time despite his failure to exhaust his state court remedies on his other claims, it could only do so in an order *denying all of his claims*. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); *see Pratt v. Greiner*, 306 F.3d 1190 (2d Cir. 2002). Thus, while the Court appreciates both parties' diligent efforts to brief the merits of the double jeopardy claim in response to the Court's Order, the Court nevertheless declines to address the merits of that claim at this time.

V.

In sum, the Court concludes that Mr. Abrahams has not properly exhausted his claims of ineffective assistance by his trial counsel, ineffective assistance by his appellate counsel, and prosecutorial misconduct. Respondents' Motion to Dismiss the Petition for a Writ of Habeas Corpus [doc. # 7] is therefore GRANTED. Because Respondent concedes that AEDPA's one-year statute of limitations has not yet begin to run, there is no risk that dismissal without prejudice will hinder Mr. Abrahams' ability to seek federal court review of his four federal claims later on. The Court therefore dismisses Mr. Abrahams' Petition for a Writ of Habeas Corpus [doc. # 1] without prejudice. **The Clerk of the Court is directed to close this file.**

Mr. Abrahams should wait to file another petition for a write of habeas corpus in federal court until after he has exhausted his available state court remedies by timely appealing the Superior Court's eventual decision regarding his fourth state habeas petition to the Appellate Court, and by

seeking review of the Appellate Court's eventual decision in the Connecticut Supreme Court. However, if Mr. Abrahams insists on obtaining immediate federal court review of his double jeopardy clause claim, he must file a petition that raises *only* that single fully exhausted claim. The Court warns Mr. Abrahams that if he chooses to seek immediate review of that claim, he will likely lose the opportunity to seek federal court review of his other three claims. *See* 28 U.S.C. § 2244(b)(2) ("A claim presented in a second or subsequent habeas corpus application . . . that was not presented in a prior application shall be dismissed unless . . . (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.").

                IT IS SO ORDERED.


            /s/    Mark R. Kravitz
               United States District Judge


Dated at New Haven, Connecticut: **December 7, 2010.**